UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES CLOWER,

        Plaintiff,

v.

GEORGE PENNELL, *et al.*,

        Defendants.

_____/

Case No. 2:04-CV-95

Hon. Richard Alan Enslen

**OPINION**

      This matter is before the Court on Plaintiff James Clower's Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of May 16, 2005 ("Report"), which recommended to grant Defendants' Motion for Summary Judgment. This Court now reviews the Report, Plaintiff's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

      Technically, Defendants have sought dismissal of this action by two separate motions on two distinct grounds: failure to state a claim for which relief can be granted and summary judgment on the merits. Curiously, the actual Defendants titled in the motions overlap, but are not identical. (*See, e.g.,* Defendant Pennell is titled only in the 12(b)(6) motion, Defendant Richards is titled only in the summary judgment motion, and Defendant Edlund is titled in both motions). However, the titling of Defendants' pleadings are of little moment as Plaintiff cannot demonstrate that a genuine issue of material fact exists that any named Defendant—titled in Defendants' Motion for Summary

Judgment or otherwise—violated his Eighth Amendment rights, and thus, summary judgment is proper for all Defendants.[1]

The focus of Plaintiff's Amended Complaint is that Defendants were deliberately indifferent to his medical needs, subjected him to cruel and unusual punishment, and denied him his liberty without proper process in violation of the Eighth and Fourteenth Amendments to the United States Constitution.[2] Plaintiff claims that two temporally separate incidents support his claims.

On May 20, 2002, Plaintiff refused to peaceably exit his cell and made a makeshift netting from his bedding and hung it from the ceiling to lay-in-wait above his cell door, presumably to get the jump on Michigan Department of Corrections ("MDOC") staff in an inevitable confrontation. Plaintiff was discovered and MDOC staff forcefully entered Plaintiff's cell and subdued him. A weapon fashioned out of a pen was later discovered. Chemical agents and hard restraints[3] were employed because Plaintiff was still trying to assault staff and free himself. Plaintiff claims that his restraints were too tight and that his pleas to have the restraints loosened went unanswered. Plaintiff

---

[1] Because the Court will grant Defendants' Motion for Summary Judgment, it will not consider their alternate ground for dismissal under Federal Rule of Civil Procedure 12(b)(6), asserting Plaintiff failed to exhaust his administrative remedies. Therefore, the Court will deny Plaintiff's Motion to Strike the Defense of Failure to Exhaust as moot.

[2] Plaintiff has not specified any bases for the Court to consider his due process claim and merely asserted that the facts of his Eighth Amendment claims support his due process claim. The Court will deny his claim here because it is simply not sufficient for a party to mention a possible argument in the most skeletal way and leave for the court the task of putting flesh on its bones. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citing *Citizens Awareness Network, Inc. v. U.S. Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)).

[3] According to the pleadings, the restraints used are a combination of handcuffs that attach to chains at the waist, that also attach to leg irons.

also claims that his ability to use the bathroom was inhibited by his restraints. The restraints were removed on May 28, 2002.

On August 12, 2002, Plaintiff again refused to peaceably exit his cell and used items in his cell to obstruct MDOC staff's entry and their view into his cell. MDOC staff forcefully entered Plaintiff's cell and subdued him; however, Plaintiff stabbed a MDOC staff member with a makeshift weapon. More homemade weapons were discovered in Plaintiff's cell and on his person. Plaintiff was again placed into restraints. On August 16, 2002, while still in restraints, Plaintiff was apprehended while attempting to pull his cell light off of the wall. He had previously used his cell light fixture to fashion weapons and attack MDOC staff. As a result, Plaintiff's restraints were tightened to limit his movement and guard against future attacks.

Defendants contend that Plaintiff can show no facts supporting his claims and the record supports a grant of summary judgment in their favor pursuant to Federal Rule of Civil Procedure 56. Under Rule 56, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the movants specify a basis for summary judgment, the respondent has the burden of coming forward with specific evidence meeting the standards of Federal Rule of Civil Procedure 56(e) upon which a reasonable jury could find there to be a genuine factual issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Failure to do so results in the grant of summary judgment for the movants. *Celotex Corp.*, 477 U.S. at 323.

To establish a claim under the Eighth Amendment that Defendants were deliberately indifferent to Plaintiff's medical needs, Plaintiff must show that there was: (1) a sufficiently grave

deprivation of medical needs; and (2) that deprivation was the product of a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 102, 104-05 (1976); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). Plaintiff can show neither.

No evidence demonstrates that Plaintiff was deprived grave medical needs. The records reflect that Plaintiff was sore and suffered from abrasions. He was given anti-inflammatories for pain. Furthermore, while Plaintiff was in restraints, his condition was consistently monitored by MDOC medical staff—balancing his comfort against the need to constrain his movement. Plaintiff was also X-rayed and shown to have no injuries.

Plaintiff has presented no evidence to controvert Defendants' motion and has not met his burden under Federal Rule of Civil Procedure 56(e). Conjecture, speculation, and naked inferences do not arm Plaintiff with sufficient evidence to withstand Defendants' Motion for Summary Judgment. Beyond his own musings, Plaintiff has put forth no evidence to support his claim, and thus, cannot establish that he was intentionally deprived medical care within the meaning of the Eighth Amendment.[4] For the reasons stated in the Report and this Opinion, summary judgment must issue for Defendants.

Furthermore, though it is unclear whether Plaintiff has claimed MDOC's use of force was excessive, the record clearly demonstrates force was neither excessive nor unwarranted. Plaintiff failed to peaceably exit his cell and any injuries he suffered were the result of efforts to restrain him,

---

[4] Plaintiff has also filed a Motion to Continue to obtain more evidence citing Federal Rule of Procedure 56(f). Rule 56(f) is a discretionary device that operates out of fairness to afford the non-movant in summary judgment the opportunity to discover evidence essential to his opposition. In this case, Plaintiff has had ample opportunity to discover evidence, and furthermore, the Court is skeptical that more evidence would be forthcoming. Thus, the Court will deny Plaintiff's Motion to Continue.

not the product of excessive force. This was not an "unnecessary and wanton infliction of pain[,]" *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987), it was an unavoidable measured response to Plaintiff's conduct and certainly does not offend this Court's "evolving standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

Lastly, for these reasons stated in the Report and this Opinion and because this action was filed *in forma pauperis*, this Court must certify pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

A Judgment consistent with Opinion will issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>September 23, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |