UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES CLOWER,

        Plaintiff,

  v.

GEORGE PENNELL, *et al.*,

        Defendants.

_____/

Case No. 2:04-CV-95

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on Plaintiff James Clower's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 59(e). Motions under Rule 59(e) are not an opportunity to re-argue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citations omitted). Thus, Plaintiff's Motion must either clearly establish a manifest error of law, present newly discovered evidence, indicate an intervening change in controlling law, or demonstrate a manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

      Plaintiff's Rule 59(e) motion incorporates seven arguments, none of which suggests a bases for relief that is appropriate under Rule 59(e). Plaintiff simply applies the same legal principles to

the same evidence and predictably comes to a different conclusion.[1]  This is simply not sufficient to warrant relief under Rule 59(e).  *GenCorp*, 178 F.3d at 834.

    **THEREFORE, IT IS HEREBY ORDERED** that James Clower's Motion for Relief from Judgment (Dkt. No. 140) is **DENIED**

Dated in Kalamazoo, MI:        /s/Richard Alan Enslen
November 28, 2005         Richard Alan Enslen
                Senior United States District Judge

---

[1] For example, Plaintiff's Motion repeatedly refers the Court to his Opposition to Defendants' Motion for Summary Judgment and contends that fact issues remain regarding his claims.  The Court has already reviewed these filings and accompanying evidentiary materials and found summary judgment appropriate.  Plaintiff misapprehends the summary judgment standard.  This Court determined that there was no evidence that Plaintiff was denied grave medical needs or otherwise deprived of his Eighth Amendment rights.  Plaintiff rightly points out that there may be some controverted facts in this case; however, these discrepancies are irrelevant.  The Court is convinced that there is no *genuine* issue as to any *material* fact and that summary judgment in favor of Defendants remains appropriate.  FED. R. CIV. P. 56(c) (emphasis added).